**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PLAQUEMINES PARISH GOVERNMENT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-132** |
| **PLENARY INFRASTRUCTURE BELLE CHASSE, LLC, ET AL** | **SECTION "B" (4)** |

## ORDER AND REASONS

Before the Court are plaintiff Plaquemines Parish Government's ("PPG") Motion to Remand (Rec. Doc. 14), defendant and cross-claimant Louisiana Department of Transportation and Development's ("DOTD") Motion to Remand (Rec. Doc. 17), Removing Defendants' Opposition in Response (Rec. Doc. 21), PPG's and DOTD's Replies in Support (Rec. Docs. 24, 25), and Removing Defendants' Sur-reply (Rec. Doc. 31). The Court has also considered arguments advanced by the parties during oral argument on April 16, 2026. For the following reasons,

**IT IS ORDERED** that PPG's and DOTD's Motions to Remand (Rec. Docs. 14, 17) be **GRANTED** and the above-captioned matter be **REMANDED** to the 25th Judicial District for the Parish of Plaquemines, Louisiana;

**IT IS FURTHER ORDERED** that the pending Motions to Dismiss (Rec. Docs. 10, 11) in the above-captioned matter be **DISMISSED WITHOUT PREJUDICE** and may be reurged in the state court action.

## I.     BACKGROUND

In this case, PPG challenges the alleged excessive fees and tolls charged on the Belle Chasse Bridge located in Plaquemines Parish, Louisiana, and questions whether (1) the DOTD's delegation of authority to Plenary Infrastructure Belle Chasse ("PIBC") constituted an

1

unconstitutional delegation of authority to a private entity; and (2) whether DOTD violated Louisiana statutes by failing to promulgate administrative rules for the collection of tolls and other fees on the Belle Chasse Bridge. Those questions will not be answered here. The Court will instead resolve a jurisdictional dispute: whether a state or federal court shall hear this case. Because complete diversity of parties does not exist, and there is no compelling evidence or argument that PPG fraudulently sued DOTD to avail itself of a more favorable state court forum, this case shall be remanded.

The Belle Chasse Bridge arose from Louisiana's need to address its aging and inadequate transportation system. In 2001, acknowledging the insufficiency of public revenue to address its transportation needs, the Louisiana Legislature enacted the Louisiana Transportation Authority Act ("LTAA"). La. Rev. Stat. § 48:2071, *et seq*. The LTAA created the Louisiana Transportation Authority within the DOTD and authorized that state agency to pursue public-private partnerships to address Louisiana's failing transportation system. *Id*. at § 48:2072(B). In 2016, the Legislature authorized DOTD to solicit proposals for public-private partnership projects for transportation facilities, provided that DOTD comply with § 48:2084 through 48:2085.15 of the LTAA, which apply to public-private partnership projects of the Louisiana Transportation Authority. La. Rev. Stat. § 48:250.4. On December 20, 2019, DOTD entered into a Comprehensive Agreement with Plenary Infrastructure Belle Chasse ("PIBC") as the Developer for the design, construction, operation, and maintenance of the Belle Chasse Bridge & Tunnel Replacement Public-Private Partnership Project ("Belle Chasse Project"). Rec. Doc. 1-2 at 7, 140.

Though the Comprehensive Agreement contains specific details and requirements for the operation and maintenance of the Belle Chasse Project, certain statutory provisions are also relevant to this dispute. Louisiana Revised Statute § 48:250.4.1(A) authorizes DOTD to delegate

2

"the exercise of [police powers] to any private entity acting on its behalf in the operation of a toll facility." La. Rev. Stat. § 48:250.4.1(A). Louisiana Revised Statute § 48:250.4.1(E) mandates that the DOTD "adopt policies and procedures for the collection of tolls, administrative fees, and late charges authorized…pursuant to the Administrative Procedure Act." La. Rev. Stat. § 48:250.4.1(E).

To date, DOTD has not complied with the statutory mandate to adopt policies and procedures for the collection of tolls and other fees. *See* Rec. Doc. 1-4 at 4 (admitting that "DOTD has not promulgated administrative rules pursuant to La. R.S. 48:250.4.1."). DOTD instead delegated toll collection, enforcement, and fee assessment authority, including the authority to charge a $25 administrative fee, to PIBC. Rec. Doc. 1-2 at 144–150. The Comprehensive Agreement also authorizes PIBC to develop and implement "Toll Enforcement Rules," in accordance with Louisiana Revised Statute 48:2084.5(D), that will address different aspects of PIBC's tolling regime. *Id*. at 145. PIBC, in turn, delegated authority to Plenary Louisiana Tolling LLC ("Plenary Louisiana") to perform the work necessary to assess and collect tolls; later, Plenary Louisiana delegated the same authority to Kapsch TrafficCom USA, Inc. ("Kapsch"). *Id*. at 11.

In mid-May, 2025, tolling commenced on the Belle Chasse Bridge. Rec. Doc. 1-2 at 13. By mid-September 2025, Kapsch had billed $11,957.349 in toll and fee charges. *Id*. Following complaints about the alleged excessiveness of tolls and fees charged on the Belle Chasse Bridge, on December 12, 2025, PPG filed the instant action in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, seeking declaratory and injunctive relief, restitution, and damages, from Plenary, Kapsch, and DOTD, "for excessive and improper tolls and fees charged for use of the Belle Chasse Toll Bridge since May 2025 through the present." Rec. Doc. 1-2 at 1. On

3

December 23, 2025, DOTD filed an "Answer and Petition for Cross-Claims," asserting that PIBC had violated several terms of the Comprehensive Agreement. Rec. Doc. 1-4.

In its state court petition, PPG asserts several claims against the DOTD, which rest on two provisions of Louisiana Revised Statute § 48:250.4.1: (1) that Section 48:250.4.1(A), authorizing the DOTD to delegate state police power to private entities, is an unconstitutional delegation of legislative and executive power; and (2) DOTD, in violation of Section 48:250.4.1(E), failed to adopt policies and procedures for the toll collection practices in accordance with the Louisiana Administrative Procedure Act ("LAPA"). Rec. Doc. 1-2.

On January 20, 2026, PIBC, Plenary Louisiana, and Kapsch (collectively, the "Removing Defendants") removed PPG's action to this Court, asserting that complete diversity exists between the plaintiffs and defendants in the above-captioned matter. Rec. Doc. 1. DOTD, a non-diverse defendant, did not join in the removal nor provide its consent to removal. *Id*. Removing Defendants argue in their Notice of Removal that DOTD is improperly joined, "principally because [PPG] cannot establish a cause of action against DOTD in state court." *Id*. at 18.

On February 19, 2026, PPG filed a Motion to Remand, arguing that complete diversity did not exist and that DOTD had not been improperly joined. Rec. Doc. 14. That same day, DOTD also filed a Motion to Remand, arguing that jurisdiction in this Court was improper and that it had not been improperly joined in the state court action. Rec. Doc. 17. Removing Defendants have opposed both motions, and both DOTD and PPG have replied. Rec. Docs. 21, 24, 25. Removing defendants were allowed to submit a sur-reply. (Rec. Doc. 31).[1]

II.     **LAW AND ANALYSIS**
        **A. Legal Standard**

---

[1] Memoranda in opposition to removing defendants' sur-reply correctly highlight that removing defendants have no unqualified right to file a sur-reply and the motion seeking leave to do so is non-compliant with this Court's Local Rules 7.2 and 7.4. For sake of completeness, we allowed the filing

A defendant may remove from state court to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, a court must consider the claims in the state court petition as they existed at the time of removal. *Id*. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id*. All defendants who have been "properly joined and served" must join in or consent to the removal of the action from state to federal court. 28 U.S.C. § 1446(b)(2)(A). The Fifth Circuit applies the "rule of unanimity" to removed cases with multiple defendants: absent exceptional circumstances, "all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446. *See Getty Oil Corp v. Insurance Co. of North America*, 841 F.2d 1254, 1261–62 (5th Cir. 1988). Where a properly joined and served defendant does not join in or consent to the notice of removal, the federal court must remand the case back to state court. *Id*.

One exception to the rule of unanimity is when a defendant who has not joined in or consented to removal has been fraudulently or improperly joined by the plaintiff. A district court is "prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The Fifth Circuit has recognized two ways that fraudulent joinder can be established: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). In the

5

latter category, the removing party must demonstrate that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Put differently, a court must determine whether "there is arguably a reasonable basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The focus of the improper joinder inquiry "must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. Notably, the doctrine of improper joinder is a "narrow exception" to the rule of complete diversity, and a party claiming improper joinder bears a heavy burden of persuasion. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may conduct one of two inquiries. First, a court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a 12(b)(6) challenge, then "there is no improper joinder." *Id*. Second, in cases in which a plaintiff has omitted or misstated discrete facts that would help the court determine the propriety of joinder, a court may "pierce the pleadings and conduct a summary inquiry" which is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573–74. In this summary inquiry, the "motive or purpose of the joinder of in-state defendant is not relevant." *Id*. at 574.

### B. Analysis

PPG claims against the DOTD rest on two provisions of Louisiana Revised Statute 48:250.4.1: (1) that DOTD may delegate the exercise of its state powers to any private entity acting

on its behalf I the operation of a toll facility and (2) that DOTD shall adopt "policies and procedures for the collection of tolls, administrative fees, and late charges…in accordance with the [Louisiana] Administrative Procedure Act." Rec. Doc. 1-2 at 18–19 (citing La. Rev. Stat.48:250.4.1(A), (E)). PPG asserts that (1) Section 48:250.4.1(A), authorizing the DOTD to delegate state police power to private entities, is an unconstitutional delegation of legislative and executive power; and (2) DOTD, in violation of Section 48:250.4.1(E), failed to adopt policies and procedures for the toll collection practices in accordance with the LAPA. *Id*.

Removing Defendants argue that the DOTD has been fraudulently or improperly joined and is a "fake" defendant "principally because [PPG] cannot establish a cause of action against DOTD in state court." Rec. Doc. 1 at 18. But the Removing Defendants' burden of persuasion is a heavy one, and after careful review of the pleadings, evidence, and arguments submitted, the Court holds that Removing Defendants have not shown that there is absolutely no possibility that PPG can establish a cause of action against DOTD in state court. Because DOTD has been properly joined as a defendant, this case will be remanded because complete diversity of parties does not exist. The Court cautions the parties that it has not decided the merits of PPG's claims against either the Removing Defendants or DOTD, or determined whether defenses asserted herein, such as *res judicata* or discretionary immunity, should apply. Instead, the Court has only rendered an opinion about whether there is a reasonable basis for predicting that state law may hold DOTD liable based on the facts herein and the current state of the law.

Further, Removing Defendants' request that the Court realign the parties to assert jurisdiction over this matter is **DENIED** for the reasons explained *infra*. Finally, PPG's request for attorney's fees and costs is **DENIED**. While a close call on the reasonableness of Removing Defendants' arguments, and though the Court finds against them and will remand the above-

7

captioned matter to state court, it is not the case that Removing Defendants "lacked an objectively reasonable basis for seeking removal." *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 292 (5th Cir. 2000) (citing 28 U.S.C. 1447(c)).

i. *Unconstitutional Delegation*

First, the Removing Defendants claim that PPG's unconstitutional delegation and denials of due process claims against DOTD fail because PPG "is not protected by the Declaration of Rights article of the Louisiana Constitution, Article I" and because "[t]he legislature has always enjoyed the power to create new rights and abolish old ones as long as it does not interfere with vested rights." Rec. Doc. 1 at 19 (citing *City of New Orleans v. Louisiana Assessors' Ret. & Relief Fund*, 2005-2548 (La. 10/1/07), 986 So. 2d 1, 23).

Even granting the correctness of these propositions, the Court is not convinced that they establish that PPG has *absolutely no possibility* of establishing an unconstitutional delegation of authority cause of action in state court. First, the Removing Defendants' cited authority, *City of New Orleans v. Louisiana Assessors' Ret. & Relief Fund*, 2005-2548 (La. 10/1/07), 986 So. 2d 1, 23, does not concern a state entity's delegation of authority to private parties and therefore is not exactly on point. Second, as DOTD recognizes in its Motion to Remand, the Louisiana Supreme Court has already recognized that a political subdivision can successfully assert a cause of action for the unconstitutional delegation of authority to private parties. *See City of Alexandria v. Alexandria Fire Fighters Ass'n, Loc. No. 540*, 220 La. 754, 57 So. 2d 673, 675 (1952) (stating that challenged statutory provision authorizing firemen to determine their maximum hours worked per week constituted "purely a legislative function which cannot be delegated to any private group). Removing Defendants do not address *City of Alexandria* or any of the other Louisiana cases discussing unconstitutional delegation of legislative authority, opting to instead reassert the two

legal propositions it included in its Notice of Removal. The Court finds Removing Defendants' arguments unpersuasive.

ii.  *Discretionary Immunity*

Next, Removing Defendants argue that PPG cannot establish a cause of action because DOTD is entitled to discretionary immunity under Revised Statute 9:2798.1. Rec. Doc. 1 at 19. Removing Defendants argue that PPG'S claims relate "exclusively to its exercise or performance of its lawful discretionary authority, duties, and obligations under the LTAA." *Id*. There are two immediate issues. First, the defense of discretionary immunity is not properly before this Court. Discretionary immunity is an affirmative defense which must be specifically pleaded in the defendant's answer. *White v. City of New Orleans*, 806 So. 2d 675, 677 (La. App. 4 Cir. 2001). DOTD did not plead that it was entitled to discretionary immunity. Rec. Doc. 1-4.

Second, PPG's claims concern DOTD's failures to fulfill mandatory, not discretionary, duties. Removing Defendants state that PPG's allegations against DOTD "relate exclusively" to the exercise of discretionary authority and duties. Rec. Doc. 1 at 19. But this is incorrect. In its state court petition, PPG specifically asserts that DOTD failed to "comply with the command in La. R.S. 48:250.4.1(E) to 'adopt policies and procedures for the collection of tolls, administrative fees, and late charges' in accordance with the Administrative Procedures Act[.]" Rec. Doc. 1-2 at 19. DOTD's responsibility to adopt these policies and procedures is mandatory, not discretionary. DOTD has admitted that it has not promulgated administrative rules pursuant to Section 48:250.4.1, Rec. Doc. 1-4 at 4. From the Court's review of the arguments and the record, there is at least a reasonable basis for predicting that state law could impose liability on DOTD on the facts involved. *See Hornbuckle*, 385 F.3d at 542.

iii.  *Res Judicata*

Third, Removing Defendants claim that the instant action is barred by Louisiana's mandatory *res judicata* rules, which prohibit relitigating the same issues between the same parties in a subsequent case. Rec. Doc. 1 at 20. Removing Defendants must prove five elements to establish that *res judicata* precludes a subsequent action, including (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause of action asserted in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation. *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 2024-0401 (La. App. 4 Cir. 1/31/25), 408 So. 3d 291, 305. A party asserting *res judicata* must "prove all elements by a preponderance of the evidence and establish each element 'beyond all question.'" *Id*. Because "'the doctrine of *res judicata* is *stricti juris*,' the existence of 'any doubt concerning its applicability is resolved against its application.'" *Id*.

There does not appear to be any dispute regarding the validity and finality of the judgment rendered by the Louisiana First Circuit Court of Appeal's opinion in *Plaquemines Port, Harbor & Terminal Dist. V. Dep't of Transportation & Dev.*, 2024-0099 (La. App. 1 Cir. 9/20/24), 405 So. 3d 695. However, the Court is not convinced that Removing Defendants have established "beyond all question" that the parties in the first and instant actions are the same and that the cause of action asserted in the instant suit arise out of the same transaction or occurrence that was the subject matter of the first suit. First, it is unclear if the parties in both actions are the same: in the first action, the Plaquemines Port, Harbor, and Terminal District ("Port"); in the instant action, the Plaquemines Parish Government ("PPG").

Further, it is not clear that the same transaction or occurrence is involved in both suits. What constitutes the same transaction or occurrence for *res judicata* purposes "is determined on a

case-by-case basis." *Baronne Complex*, So. 3d at 310. Louisiana courts make clear that a court may consider (1) whether the issues of fact and law are the same; (2) whether substantially the same evidence will be presented; and (3) whether there is any logical relationship between the suits. *Id*. At issue in the first suit was the Port's declaratory judgment challenge that the DOTD violated Louisiana Revised Statute 48:2084.15 by approving the Belle Chasse Project without obtaining its written agreement. *Plaquemines Port, Harbor & Terminal Dist. V. Dep't of Transportation & Dev.*, 2024-0099 (La. App. 1 Cir. 9/20/24), 405 So. 3d 695, 698. The instant action, however, concerns PPG's declaratory judgment challenge that (1) Louisiana Revised Statute 48:250:4.1(A) is unconstitutional in allowing the DOTD to delegate authority to private entities; and (2) that DOTD failed to adhere to Louisiana Revised Statute 48:250.4.1(E) by failing to adopt policies and procedures regarding toll collection pursuant to the Louisiana Administrative Procedure Act. Though the Belle Chasse Bridge Project is the underlying factual predicate for both disputes, the two suits seemingly require the analysis of different law and facts to resolve the legal issues raised.[2] Given these uncertainties, the Court holds that Removing Defendants have not carried their burden to show that *res judicata* applies to bar the instant action.

### iv.  *Oliff v. City of Shreveport*

Finally, Removing Defendants argue that PPG cannot assert any claim against the DOTD because the Louisiana Supreme Court has "long held that a legislatively authorized public-private contract for construction and maintenance of a toll bridge does not create an enforceable third-party right to demand reduction or elimination of the toll and fee schedule[.]" Rec. Doc. 1 at 20. Removing Defendants cite *Oliff v. City of Shreveport*, 27 So. 688, 697 (La. 1900), in support of their claim. *Oliff* concerned plaintiffs' challenge of a toll bridge because defendants "have no right

---

[2] The Court also notes that at the time of the first action, tolls and incidental charges had yet to be levied on motorists crossing the Belle Chasse Bridge.

or authority for obstructing the highway by the exaction of toll." *Oliff*, 27 So. at 696. However, *Oliff* is inapposite. In addition to challenging the statutory provision allowing DOTD to delegate authority to private parties, PPG also challenges DOTD's failures to comply with Section 48:250:4:1(E) to promulgate rules and procedures for the collection of tolls in accordance with the LAPA. *See* Rec. Doc. 1-2. As stated, Louisiana courts have made clear that political subdivisions can successfully state causes of action based on unconstitutional delegations of authority. *See, e.g., City of Alexandria*, So. 2d at 675. (holding unconstitutional a statutory provision because it constituted "purely a legislative function which cannot be delegated to any private group). Additionally, *Oliff* says nothing about the LAPA nor could it—the 126-year-old decision was rendered before the LAPA's enactment. The Removing Defendants' reliance on *Oliff* does not convince this Court that PPG has absolutely no possibility of stating a cause of action against DOTD in state court.

v. *Realignment*

Alternatively, Removing Defendants request that this Court realign the parties by making DOTD a plaintiff which, in turn, would allow this Court to assert diversity jurisdiction over the instant action. Rec. Doc. 21. The Court declines the invitation to do so. In the Fifth Circuit, proper alignment is determined by assessing whether parties with the same "ultimate interests" in the outcome of the action are on the same side. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). In recent years, courts in the Fifth Circuit "have disfavored realignment after removal, particularly in light of federalism concerns." *See, e.g., Ramagos v. Regache*, No. CV 18-1-SDD-RLB, 2018 WL 6720502, at *3 (M.D. La. Nov. 2, 2018) (collecting cases). Additionally, a plaintiff's request for relief which could, in effect, benefit a defendant is insufficient to show that the plaintiff and defendant share the same ultimate interests. *See Bilyeu v. Wells Fargo Ins. Servs. USA, Inc.*, No.

12

1:16-CV-00023, 2016 WL 5721060, at *8 (W.D. La. Aug. 8, 2016); *see also Jordan v. Marks*, 147 F.2d 800, 803 (5th Cir. 1945) ("[t]he mere fact that certain parties who seek relief against each other make common cause against a third party who is also a party does not require them to be aligned as parties plaintiff.").

The Court is not convinced that DOTD and PPG share the same "ultimate interests" that would justify realigning the parties. Removing Defendants cite various news articles and social media posts to convince the Court that DOTD and PPG have the same goal of obtaining "a better deal for Plaquemines." Rec. Doc. 21 at 18–20. They also assert in their Opposition and Sur-reply that DOTD's current litigation position is a "reversal" from its prior consent to the Toll Enforcement Rules and their authority to commence tolling on the Belle Chasse Bridge. Rec. Doc. 21 at 24; Rec. Doc. 27-1 at 3. But a review of the record, and the statements advanced at oral argument, do not demonstrate that DOTD and PPG share the same ultimate interests.

*First*, PPG challenges the authority of DOTD to delegate its police power to Removing Defendants or other private entities in the operation of a toll facility. Rec. Doc. 1-2. DOTD, however, challenges Removing Defendants' failure to abide by several provisions of the Comprehensive Agreement. Rec. Doc. 1-4. PPG's constitutional claim would undermine the Comprehensive Agreement while DOTD's claim only seeks to reinforce the Comprehensive Agreement. At oral argument, the DOTD expanded on this point, noting the conflicting positions that it and PPG have taken: DOTD asserts that the Removing Defendants did not meet the statutory and contractual conditions to begin tolling while PPG asserts that DOTD granted the Removing Defendants authority to begin tolling. These inconsistent positions suggest that DOTD and PPG do not share the same "ultimate interests."

*Second*, Removing Defendants insist that DOTD's "reversal" is evidence that they now share the same "ultimate interests" as PPG. Rec. Doc. 27-1 at 3. However, the Court does not accept this conclusion. The Court's review of the case that Removing Defendants rely on, *Ashford v. Aeroframe Servs., LLC*, 96 F.4th 783, 794–95 (5th Cir. 2024), bolster's the Court's opinion that evidence does not establish that DOTD and PPG share the same "ultimate interests." In *Ashford*, evidence had *conclusively* established that there had been "collusion from inception" between the named plaintiffs and the non-diverse defendants, and additional evidence uncovered that the parties had never been adverse at all. *Ashford*, 96 F.4th at 794–96. The Court does not see any evidence in the record establishing same in the instant case. Though Removing Defendants continue to claim that the Partial Acceptance Certificate, and other pre-tolling documents, establish that DOTD consented to the Toll Enforcement Rules, *see* Rec. Doc. 27-1 at 2, no evidence conclusively establishes that DOTD's subsequent October 2025 Suspension Order, documenting alleged failures to comply with the Comprehensive Agreement, is disingenuous. There is no evidence that PPG and DOTD are not adverse; as explained, those parties hold different views on PPG's constitutional claims concerning DOTD's authority to delegate authority to private entities. The Court acknowledges that the parties dispute several evidentiary and factual matters raised herein. However, the Court's task is not to resolve those issues; on remand, the state court will be more than capable of doing so. The Court only holds that on the record before it, there is no evidence establishing that DOTD and PPG share the same "ultimate interests."  Assuming for argument sake that parties are motivated to recouping or adjusting tolls and fees, motivations are trumped by the divergent legal claims and defenses of record between DOTD and PPG.

Finally, in their sur-reply, Removing Defendants argue that the Court should disregard a declaration submitted by DOTD's trial counsel. Rec. Doc. 27-1 at 1. However, the Court did not

rely on that declaration when deciding the realignment or fraudulent joinder issues; as such, Removing Defendants' request is **DENIED AS MOOT**. Nothing in the sur-reply changes the Court's holding on the realignment issue: that no evidence establishes that PPG and DOTD share the same "ultimate interests" in the outcome of this litigation. Additionally, trial counsel's declaration has no bearing on the reasoning provided herein concerning fraudulent joinder.

For the reasons provided, Removing Defendants' request to realign the parties is **DENIED**.

New Orleans, Louisiana, this 17th day of April 2026

_____

SENIOR UNITED STATES DISTRICT JUDGE